IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  06-10024-02-WEB |
| ) | |
| VLADIMIR MARTINEZ-DUARTE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Memorandum and Order**

On May 22, 2006, defendant Vladimir Martinez-Duarte pled guilty to Count 1 of an Indictment charging him and a co-defendant with unlawful distribution of more than 500 grams of a mixture containing cocaine HCL, in violation of 21 U.S.C. § 841(a) and (b)(1)(B) and 18 U.S.C. § 2.  Doc. 30.  He was sentenced by this court to a term of 37 months' imprisonment, 3 years supervised release, and a $100 special assessment.  Judgment was entered on August 17, 2006.  Doc.  32.  No direct appeal was taken.  The defendant's plea agreement included a provision waiving the right to appeal or collaterally attack the conviction or sentence.   Doc. 29, ¶ 10.

On June 16, 2008, the defendant filed a document entitled "Motion for Sentence Reduction Adjustment."  Doc. 37.  Although the basis of the motion was not entirely clear, it appeared to argue it was unfair that the defendant, as a deportable alien, was not eligible for pre-release custody by the Bureau of Prisons under 18 U.S.C. § 3624(c).  It was also unfair, the motion asserted, that the defendant would have to serve more time than a U.S. citizen who received a similar sentence.  The motion asserted that the defendant is a Cuban national, and it

apparently argued that the BOP wrongfully violated its own policies concerning § 3624(c) placement for Cuban nationals. Based upon these "harsh collateral consequences," the motion asked the court for a reduction in sentence, noting that some courts have considered similar circumstances as a basis for granting downward departures at sentencing.

After receiving the motion, the court issued an order giving the defendant 30 days to inform the court whether he wanted the motion treated as one under 28 U.S.C. § 2255. Doc. 38. The defendant responded by filing a brief reiterating his arguments and asking the court to appoint counsel for him. Doc. 39.

I. *Discussion*.

Insofar as the defendant asks for a reduction in his sentence, his motion is properly treated as one under 28 U.S.C. § 2255. *See United States v. Tamayo*, 162 Fed.Appx. 813, 2006 WL 52792 (10th Cir. 2006). After reviewing the matter, the court finds that the motion, the file, and the record in the case conclusively show the defendant is entitled to no relief on his request. As an initial matter, the defendant entered into a plea agreement that waived his right to collaterally attack the sentence. He has not suggested any reason why the waiver would not be enforceable, and the record shows none. The challenge to his sentence is within the scope of the waiver; he knowingly and voluntarily entered into the plea agreement; and no basis for finding a miscarriage of justice is alleged. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). Even if the court were to overlook the waiver, the motion was filed well beyond the one year time limit in § 2255(f), with no basis for tolling alleged, and is therefore barred by the one year statute of limitations. Finally, even overlooking these problems, the Tenth Circuit's view is that a deportable alien's ineligibility for placement under § 3624(c) does not entitle a habeas

petitioner to a downward departure or other reduction in sentence.  The motion therefore presents no basis for relief on the merits.[1]  *See Tamayo*, 162 Fed.Appx. at 1487 (*citing United States v. Mendoza-Lopez*, 7 F.3d 1483, 1487 (10th Cir. 1993), *impliedly overruled on other grounds by United States v. Fagan*, 162 F.3d 1280 (10th Cir. 1983)).

Insofar as the defendant is asserting that the BOP is violating his right to equal protection of the laws by not placing him under § 3624(c), or insofar as he contends the BOP has failed to follow appropriate procedures in his case, the claim must be brought under 28 U.S.C. § 2241, because it concerns the execution of his sentence.  *See Tamayo*, 162 Fed.Appx. at 815.  This court, however, has no jurisdiction to consider such a claim.  A claim under § 2241 must be filed in the district where the prisoner is confined.  According to defendant's motion and the record, he is currently confined at the FCI in Big Springs, Texas.  Any claim under § 2241 would therefore have to be filed in the U.S. District Court for the Northern District of Texas.  And although a judge has jurisdiction to transfer an action to another district if the interests of justice so require, 28 U.S.C. § 1631, the court finds the interests of justice do not warrant transfer of the instant claim.  Defendant alleges nothing to suggest he has pursued the administrative procedures available within the Bureau of Prisons.  Exhaustion of such administrative remedies is ordinarily a prerequisite to the exercise of jurisdiction under § 2241.  *See e.g., Hernandez-Escarsega v. Fleming*, 2004 WL 2002418, *2 (N. D. Tex. 2004).  Moreover, it appears unlikely that the facts

---

[1] The court has considered the defendant's request for appointment of counsel in connection with the instant motion, but finds that the request should be denied.  Prisoners do not have a constitutional right to counsel when mounting collateral attacks upon their convictions. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  And although Rule 8(c) of the Rules Governing Section 2255 Proceedings permits appointment of counsel "if the interest of justice so requires," the court concludes that such interests do not warrant an appointment in this instance.

alleged by the defendant would provide a basis for § 2241 relief.  *Cf. Lopez-Apizueta v. United States*, 2006 WL 229610 (D. Ariz., Jan. 26, 2006).  Under the circumstances, the court will dismiss any claim under § 2241 for lack of jurisdiction.

    II.  *Conclusion*.

Defendant's Motion for Sentence Reduction (Doc. 37) is DENIED in part and DISMISSED in part.  Insofar as defendant asserts a claim under 28 U.S.C. § 2255, the motion for relief is DENIED on the merits.  Insofar as the claim arises under 28 U.S.C. § 2241, the claim is DISMISSED for lack of jurisdiction.  Defendant's Motion for Appointment of Counsel (Doc. 39) is DENIED.

IT IS SO ORDERED this   21st   Day of October, 2008, at Wichita, Ks.

                          s/Wesley E. Brown
                          Wesley E. Brown
                          U.S. Senior District Judge